*In re* MARRIAGE OF PATRICIA EILEEN MORGAN, Petitioner-Appellant, and MARK WILLIAM MORGAN, Respondent-Appellee.

Fifth District   No. 5—90—0626

Opinion filed October 2, 1991.

Patrick M. McCann, of McCann & Foley, of Murphysboro, for appellant.

No brief filed for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Petitioner and respondent's marriage was dissolved in 1978 and respondent was ordered to pay child support. In 1990, petitioner filed a motion to increase child support pursuant to section 510 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 510).

Section 510 provides that where a child support order was entered before the effective date of the guidelines contained in section 505, as was the case here, the party receiving the support may petition the court for a one-time modification in order to increase child support to an amount specified in section 505. Ill. Rev. Stat. 1989, ch. 40, pars. 505, 510(b).

The guidelines of section 505 provide that for one child, the amount of support should be 20% of the supporting party's income. In this case, although the amount of support was to increase after respondent finished making his payments in bankruptcy, the amount was still less than 20% of respondent's income. Section 505 provides further:

> "(2) The above guidelines shall be applied in each case unless the court, after considering evidence presented on all relevant factors, finds a reason for deviating from the guidelines. ***
>
> * * *
>
> If the court orders a lower award, *** *it shall make express findings as to its reason for doing so.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(2).

In the case at bar, the judge failed to give specific reasons for his deviation from the guidelines, stating only that "there are some circumstances here that warrant lower payment."

Petitioner claims on appeal that: (1) the trial court's failure to modify child support in accordance with the guidelines set forth in section 505 was an abuse of discretion in the absence of specific factual findings justifying the deviation; and (2) that section 510(b) mandates that the trial court modify child support in the amounts set forth in section 505.

The statute and cases interpreting the statute are clear. The trial court must make express findings when ordering an award lower than that set forth in the guidelines. (*In re Marriage of Wright* (1991), 212 Ill. App. 3d 392, 571 N.E.2d 197; *In re Marriage of Harding* (1989), 189 Ill. App. 3d 663, 545 N.E.2d 459.) Merely stating that "there are

some circumstances here that warrant a lower payment" is insufficient. We therefore vacate and remand for further proceedings consistent with this opinion.

Vacated and remanded with directions.

LEWIS and CHAPMAN, JJ., concur.